IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                      Chapter 11
                          Case No. 8:09-bk-28980-CED
OPTIMA HVAC, LLC,

    Debtor.

_____)

## **DEBTOR'S PLAN OF REORGANIZATION**

OPTIMA HVAC, LLC, Debtor and Debtor-in-Possession of the within estate, proposes this Plan of Reorganization pursuant to Section 1121 of Title 11 of the United States Code.

### **ARTICLE I**
### **Definitions**

For the purposes of this Plan of Reorganization, the following terms and definitions shall have the following meanings unless the context clearly indicates otherwise:

Section 1.1    <u>Administrative Expense</u> shall mean those expenses described in Section 503 of the Bankruptcy Code.

Section 1.2    <u>Allowed Claim</u> shall mean a claim (a) for which a Proof of Claim has been filed with the Court on or before the Bar Date fixed by the Court or (b) which was scheduled and filed with the Court pursuant to Bankruptcy Rule 1007 and not listed as disputed, contingent or unliquidated as to amount. In either case, Allowed Claim means one which no objection to the allowance thereof has been interposed within any applicable period of limitation

fixed by Bankruptcy Rule 3003, or an order of the Court which is no longer subject to appeal of this Plan.

Section 1.3   _Allowed Priority Claim_ shall mean an Allowed Claim for which the holder asserts and is determined to be entitled to priority under Section 507, et seq., of the Code, in an amount allowed by Final Order of the Court upon a request pursuant to Section 503(a) of the Code.

Section 1.4   _Allowed Secured Claim_ shall mean an Allowed Claim arising on or before the petition date that is secured by a valid lien on property of the Debtor which is not void or voidable under any state or federal law including any provision of the Code. That portion of such Allowed Claim exceeding the value of the security held therefor shall be an Allowed Unsecured Claim except as modified by this Plan.

Section 1.5   _Allowed Unsecured Claim_ shall mean an Allowed Claim against the Debtor which is not an Allowed Priority Claim, Allowed Secured Claim or claim of an Equity Interest Holder.

Section 1.6   _Bar Date_ shall mean the final date for filing proofs of claim in this case as provided by order of the Court (March 8, 2010).

Section 1.7   _Case_ shall mean this Chapter 11 case.

Section 1.8   _Claim_ shall have the meaning set forth in Section 101(5) of the Code.

Section 1.9  Code shall mean the United States Bankruptcy Code, being Title 11 of the United States Code as enacted in 1978, and thereafter amended.

Section 1.10  Confirmation shall mean the date upon which the order is entered by the Court confirming the Plan.

Section 1.11  Court shall mean the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, having jurisdiction over this case.

Section 1.12  Creditor shall mean any person having an Allowed Unsecured, Secured or Priority Claim against the Debtor as defined in Section 101(10) of the Code.

Section 1.13  Debtor shall mean Optima HVAC, LLC, the Debtor herein.

Section 1.14  Effective Date shall mean the first day of the month following thirty (30) days after the order of confirmation is entered.

Section 1.15  Equity Interest Holder shall mean a member of the Debtor.

Section 1.16  Insider shall have the meaning as set forth in Section 101(31) of the Code.

Section 1.17  Lien shall mean any charge against or interest in property to secure payment of a debt or performance of an obligation, and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101(37) of the Code.

Section 1.18  **Plan** shall mean this Plan of Reorganization, including any modifications, attachments, exhibits, amendments or corrections hereto.

Section 1.19  **Proponent** shall mean Optima HVAC, LLC, Chapter 11 Debtor of the within estate.

Section 1.20  **Secured Creditor** shall mean the owner and holder of an Allowed Secured Claim.

Section 1.21  **Unsecured Creditor** shall mean the holder and owner of an Allowed Unsecured Claim.

**ARTICLE II**
**Classification of Claims and Interests**

All Claims, as defined herein and at Section 101(5) of the Code against the Debtor, of whatever nature, whether or not scheduled or unliquidated, absolute or contingent, including all claims arising from the rejection of executory contracts, and all interests arising from the ownership of the Debtor, whether resulting in an Allowed Claim or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

Section 2.1  ADMINISTRATIVE EXPENSES.  Costs and expenses of administration as defined in the Code as provided in Section 507(a)(1) of the Code, applications for which are filed prior any applicable bar date, as the same are allowed, approved and ordered paid by the Court.

Section 2.2  PRIORITY CLAIMS.  Claims entitled to priority pursuant to Section 507(a) of the Code, as the same

113 are allowed, approved or ordered paid by the Court,
114 including priority tax claims.

115     Section 2.3    <u>Class 1A</u>: The Allowed Claims of Merrill
116 Lynch Commercial Finance Corp. ("Merrill") against the
117 Debtor.

118     Section 2.4    <u>Class 1B</u>: The Allowed Secured Claims of
119 Bank of America ("BofA") against the Debtor's Tampa premises
120 leased from Columbus Drive, LLC ("Columbus") located at
121 6400-4 E. Columbus Ave., Tampa, FL (the "Tampa Property").

122     Section 2.5    <u>Class 1C</u>: The Allowed Secured Claims of
123 BofA against the Debtor's Port Richey premises leased from
124 Superior Properties of Pasco, Inc. ("Superior") located at
125 6041 Siesta Lane, Port Richey, FL (the "Port Richey
126 Property").

127     Section 2.6    <u>Class 2A</u>: The Allowed Secured Claims of
128 the U.S. Small Business Administration ("SBA") against the
129 Tampa Property.

130     Section 2.7    <u>Class 2B</u>: The Allowed Secured Claims of
131 the SBA against the Port Richey Property.

132     Section 2.8    <u>Class 3</u>: The Allowed Claims of Columbus
133 and Superior for any rent owed (the "Landlord Claims").

134     Section 2.9    <u>Class 4</u>: All Allowed Unsecured Claims,
135 except as otherwise separately classified.

136     Section 2.10    <u>Class 5</u>: All Allowed Unsecured Claims
137 in an amount less than $5,000 ("Convenience Claims").

138     Section 2.11    <u>Class 6</u>: All Equity Interest Holders of
139 the Debtor.

## ARTICLE III
### Treatment of Administrative and Priority Claims

Section 3.1 (Administrative): These claimants shall be paid in cash and in full as and when their claims are allowed and ordered paid by the Court, except that payment may be modified by virtue of any agreement reached between the Debtor and the owners of such Allowed Claims. This payment shall only be to the extent that such claims are deemed Allowed Claims.

Section 3.2 (Priority): These claimants shall be paid in full with interest at four percent (4%) in monthly installments within six (6) years from assessment beginning on the first day of the month immediately following the entry of a final order allowing such claim but in any event beginning no earlier than ninety (90) days after the Effective Date.

## ARTICLE IV
### Treatment of Classes Impaired under the Plan

Section 4.1 Class 1A (Merrill): The Creditor in this Class shall receive a promissory note in the amount of their Allowed Secured Claim (or such amount as agreed by the parties) payable over sixty (60) months without interest. Monthly payments will commence no sooner than January 1, 2011.

Section 4.2 Class 1B (BofA/Tampa Property): The Creditor in this Class shall retain its Lien(s) on the Tampa Property and receive payment in full on its Allowed Claims

through monthly payments of principal and interest at four per cent (4%), calculated on a thirty (30) year amortization basis, on the 10th day of each month for sixty (60) months with a balloon payment due thirty (30) days following the due date of the sixtieth (60th) monthly payment. Payments shall commence no earlier than forty-five (45) days after the Effective Date. The necessary parties, including the Debtor and Creditor, shall execute and deliver any and all documents necessary to implement this treatment including a new promissory note and mortgage. After payment in full, this Creditor shall have no interest in any collateral and shall execute any and all documents necessary to effectuate this provision. This claim may be prepaid in whole or in part at any time.

Section 4.3    <u>Class 1C (BofA/Port Richey Property)</u>: The Creditor in this Class shall retain its Lien(s) on the Port Richey Property and receive payment in full on its Allowed Claims through monthly payments of principal and interest at four per cent (4%), calculated on a thirty (30) year amortization basis, on the 10th day of each month for sixty (60) months with a balloon payment due thirty (30) days following the due date of the sixtieth (60th) monthly payment. Payments shall commence no earlier than forty-five (45) days after the Effective Date. The necessary parties, including the Debtor and Creditor, shall execute and deliver any and all documents necessary to implement this treatment including a new promissory note and security agreement.

After payment in full, this Creditor shall have no interest in any collateral and shall execute any and all documents necessary to effectuate this provision. This claim may be prepaid in whole or in part at any time.

Section 4.4  <u>Class 2A (SBA/Tampa Property)</u>: Absent separate order of the Court entered at or before Confirmation valuing the Tampa Property at a figure higher than the superior Claim of BofA in Class 1B above, this Creditor shall be treated as an Unsecured Creditor in Class 4 and shall have no further Lien or Claim against the Tampa Property. If such property is valued at a figure higher than the Class 1B Claim, the amount over the amount of the Class 1B Claim shall be treated consistent with Class 1B.

Section 4.5  <u>Class 2B (SBA/Port Richey Property)</u>: Absent separate order of the Court entered before Confirmation valuing the Port Richey Property at a figure higher than the superior Claim of BofA in Class 1C above, this Creditor shall be treated as an Unsecured Creditor in Class 4 and shall have no further Lien or Claim against the Port Richey Property. If such property is valued at a figure higher than the Class 1C Claim, the amount over the amount of the Class 1C Claim shall be treated consistent with Class 1C.

Section 4.6  <u>Class 3 (Columbus/Superior)</u>: There shall be no distribution on the Landlord Claims.

Section 4.7  <u>Class 4 (Unsecured)</u>: The Creditors in this Class shall receive a promissory note in an amount

equal to a pro rata share of $150,000. Such notes shall be payable over sixty (60) months without interest with payments commencing in July 2011.

Section 4.8   <u>Class 5 (Convenience)</u>: The Creditors in this Class shall receive a one-time lump sum payment equal to ten per cent (10%) of their Allowed Claim on or before December 31, 2010.

Section 4.9   <u>Class 6 (Equity)</u>: The interests of Equity Interest Holders shall be unimpaired but shall receive no distribution under the Plan or otherwise until such time as all Claims are paid pursuant to the Plan.

**ARTICLE V**
**Means for Execution of the Plan**

Section 5.1   The Reorganized Debtor shall fund payments or distributions under this Plan with revenues from future operations and the issuance of promissory notes and equity interests, as appropriate.

Section 5.2   The Debtor's current officers and directors shall continue to act for the Reorganized Debtor unless changed in accordance with the Debtor's operating agreement or applicable law.

Section 5.3   No transfers in contemplation of or in connection with this Plan, including the issuance of any promissory notes or equity interests, shall be taxed under any law imposing a stamp tax or similar tax.

Section 5.4   At Confirmation, the Reorganized Debtor shall be vested with all of the Debtors' assets and all

property of the estate, whether disclosed in its schedules or not, free and clear of any and all liens, claims, demands, interests or encumbrances, except as specifically set forth in this Plan. Additionally, the Liens against the Tampa Property and the Port Richey Property shall be modified as set forth above.

Section 5.5  A ten (10) day grace period shall apply to all provisions, payments or distributions under this Plan or any instruments or documents issued under this Plan. The Debtor shall not be deemed in default until after the expiration of ten (10) days after notice of default is given in writing, return receipt requested, to both:

| Reorganized Debtor | | Michael C. Markham, Esq. |
|---|---|---|
| Attn: Steve Jensen | | Johnson Pope Bokor |
| 6041 Siesta Lane | | Ruppel & Burns, LLP |
| Port Richey, FL 34668 | **and** | 911 Chestnut Street |
| | | Clearwater, FL 33756; |

and such default is not cured within such period.

**ARTICLE VI**
**Retention of Jurisdiction**

Section 6.1  <u>Jurisdiction</u>.  The Court shall retain jurisdiction over this case after Confirmation of the Plan for the following purposes:

Section 6.1.A  To hear and determine any dispute arising under this Plan or any Order of the Bankruptcy Court.

Section 6.1.B  To adjudicate all controversies and issues arising out of or relating to adversary proceedings

283 or contested matters which remain open on the Court's docket
284 as of Confirmation, or which are commenced by the Debtor or
285 the Reorganized Debtor pursuant to the provisions of the
286 Code, including any avoidance actions.
287 Section 6.1.C  To recover all assets and properties of
288 the Debtor or the estate, whether title is presently held in
289 the name of the Debtor or a third party.
290 Section 6.1.D  To make such orders as are necessary or
291 appropriate to carry out the provisions of this Plan or any
292 Order of the Bankruptcy Court.
293 Section 6.1.E  To make such other orders or give such
294 direction as may be appropriate under Section 1142 of the
295 Code.
296 Section 6.1.F  To adjudicate all claims objections or
297 counterclaims filed by the Debtor or the Reorganized Debtor
298 in this case.
299 Section 6.1.G  To consider and order any amendments to
300 this Plan post-confirmation as may be appropriate.
301 Section 6.1.H  To hear and determine all fee
302 applications or fee disputes including the fee applications
303 of professionals hired during this case, and if subsequently
304 approved by this Court, those professionals employed after
305 the confirmation of this Plan.
306 Section 6.1.I  To enforce all orders, judgments and
307 decrees entered by the Court including any discharge or
308 injunctive provisions in this Plan.
309

## ARTICLE VII
### Objection to Claims

Section 7.1   The Reorganized Debtor shall review all proofs of Claim filed in the case, and all scheduled Claims, and file objections to such Claims within sixty (60) days after the Effective Date. Notwithstanding any provision in a local rule, the Debtor shall be entitled to file any adversary proceedings through the expiration of the statute(s) of limitations in the Code.

Section 7.2   The failure to file a Claim by the Bar Date shall constitute an adjudication on the merits of the Debtor's lack of liability without need for further objection or Court order.

## ARTICLE VIII
### Miscellaneous Provisions

Section 8.1   The Debtor as the Plan Proponent may propose amendments or modifications of this Plan any time prior to the Confirmation with leave of the Court upon notice to appropriate parties. After Confirmation of the Plan, the Reorganized Debtor may, with approval of the Court, and so long as it does not materially or adversely affect the interests of the Creditors or Equity Interest Holders, amend the Plan to remedy any defect or omission or to reconsider any inconsistencies in the Plan or in the order of Confirmation in such manner as may be necessary to carry out the purposes and effect of the Plan.

Section 8.2   Unless specifically assumed by separate motion or at the confirmation hearing, all executory

contracts and unexpired leases shall be deemed rejected on the Effective Date. Any creditor with a rejection damage claim triggered by confirmation of the Plan shall file such claim within thirty (30) days of the Effective Date.

Section 8.3  All claims and demands for attorney fees, costs, penalties, and late fees shall be disallowed unless expressly allowed by separate order of the Court entered before or at Confirmation.

Section 8.4  All compromises or settlements approved during the Case are hereby incorporated by reference.

Section 8.5  All statutory liens, including any judgment Liens, are hereby avoided pursuant to applicable law, including Section 545 of the Code.

**ARTICLE IX**
**Discharge and Injunctions**

Section 9.1  Except as otherwise specifically provided in the Plan or in the Confirmation Order, Confirmation of this Plan acts as a complete discharge and release of any and all debts, claims, demands or obligations of the Debtor as well as administrative claims or expenses under Section 503 of the Code, including, but not limited to, all principal, interest, fees, expenses, guarantees or contingent claims, whether accrued before or after the entry of the order for relief herein. The discharge and release shall be affected as to each debt, claim or demand, regardless of whether a Proof of Claim was filed, whether

the claim is an Allowed Claim or whether the holder thereof votes to accept or reject the Plan. Further, any judgments against the Debtor shall be deemed null and void and of no further force or effect. Any and all pre-petition actions or proceedings involving a direct or indirect Claim against the Debtor shall be dismissed with prejudice. All Creditors or parties-in-interest shall be required to execute any and all documents necessary to effectuate the discharge and release terms of this Plan.

Section 9.2 Confirmation of this Plan affects a *de facto* cure of any defaults existing prior to Confirmation and any acceleration is deemed permanently reversed. Any Creditor holding a guarantee from a third party shall be absolutely enjoined from proceeding against such third party guarantor but only for so long as the Debtor is not in default with payments under this Plan with respect to that Creditor. This provision shall not constitute a permanent injunction or release in favor of any third party guarantor.

DATED: April 20, 2010

                                            s/ Michael C. Markham
                                            MICHAEL C. MARKHAM
                                            Johnson, Pope,
                                            Bokor, Ruppel & Burns, LLP
                                            P.O. Box 1368
                                            Clearwater, FL 33757
                                            (727) 461-1818
                                            (727) 443-6548
                                            Attorneys for Debtor

523949