IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                Chapter 11
                                      Case No. 8:09-bk-28980-CED

OPTIMA HVAC, LLC,

    Debtor.

_____)

## DEBTOR'S AMENDED PLAN OF REORGANIZATION

OPTIMA HVAC, LLC, Debtor and Debtor-in-Possession of the within estate, proposes this Amended Plan of Reorganization pursuant to Section 1121 of Title 11 of the United States Code.

### ARTICLE I
### Definitions

For the purposes of this Plan of Reorganization, the following terms and definitions shall have the following meanings unless the context clearly indicates otherwise:

Section 1.1   Administrative Expense shall mean those expenses described in Section 503 of the Bankruptcy Code.

Section 1.2   Allowed Claim shall mean a claim (a) for which a Proof of Claim has been filed with the Court on or before the Bar Date fixed by the Court or (b) which was scheduled and filed with the Court pursuant to Bankruptcy Rule 1007 and not listed as disputed, contingent or unliquidated as to amount. In either case, Allowed Claim means one which no objection to the allowance thereof has been interposed within any applicable period of limitation

fixed by Bankruptcy Rule 3003, or an order of the Court which is no longer subject to appeal of this Plan.

Section 1.3  <u>Allowed Priority Claim</u> shall mean an Allowed Claim for which the holder asserts and is determined to be entitled to priority under Section 507, et seq., of the Code, in an amount allowed by Final Order of the Court upon a request pursuant to Section 503(a) of the Code.

Section 1.4  <u>Allowed Secured Claim</u> shall mean an Allowed Claim arising on or before the petition date that is secured by a valid lien on property of the Debtor which is not void or voidable under any state or federal law including any provision of the Code. That portion of such Allowed Claim exceeding the value of the security held therefor shall be an Allowed Unsecured Claim except as modified by this Plan.

Section 1.5  <u>Allowed Unsecured Claim</u> shall mean an Allowed Claim against the Debtor which is not an Allowed Priority Claim, Allowed Secured Claim or claim of an Equity Interest Holder.

Section 1.6  <u>Bar Date</u> shall mean the final date for filing proofs of claim in this case as provided by order of the Court (March 8, 2010).

Section 1.7  <u>Case</u> shall mean this Chapter 11 case.

Section 1.8  <u>Claim</u> shall have the meaning set forth in Section 101(5) of the Code.

Section 1.9    Code shall mean the United States Bankruptcy Code, being Title 11 of the United States Code as enacted in 1978, and thereafter amended.

Section 1.10   Confirmation shall mean the date upon which the order is entered by the Court confirming the Plan.

Section 1.11   Court shall mean the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, having jurisdiction over this case.

Section 1.12   Creditor shall mean any person having an Allowed Unsecured, Secured or Priority Claim against the Debtor as defined in Section 101(10) of the Code.

Section 1.13   Debtor shall mean Optima HVAC, LLC, the Debtor herein.

Section 1.14   Effective Date shall mean the day of the closing of the Sale as defined in Section 3.1 below.

Section 1.15   Equity Interest Holder shall mean a member of the Debtor.

Section 1.16   Insider shall have the meaning as set forth in Section 101(31) of the Code.

Section 1.17   Lien shall mean any charge against or interest in property to secure payment of a debt or performance of an obligation, and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101(37) of the Code.

84 Section 1.18  **Plan**  shall mean this Plan of
85 Reorganization, including any modifications, attachments,
86 exhibits, amendments or corrections hereto.

87 Section 1.19  **Proponent** shall mean Optima HVAC, LLC,
88 Chapter 11 Debtor of the within estate.

89 Section 1.20  **Secured Creditor** shall mean the owner
90 and holder of an Allowed Secured Claim.

91 Section 1.21  **Unsecured Creditor** shall mean the holder
92 and owner of an Allowed Unsecured Claim.

93
94
95 **ARTICLE II**
96 **Classification of Claims and Interests**

97 All Claims, as defined herein and at Section 101(5) of
98 the Code against the Debtor, of whatever nature, whether or
99 not scheduled or unliquidated, absolute or contingent,
100 including all claims arising from the rejection of executory
101 contracts, and all interests arising from the ownership of
102 the Debtor, whether resulting in an Allowed Claim or not,
103 shall be bound by the provisions of the Plan and are hereby
104 classified as follows:

105 Section 2.1  ADMINISTRATIVE EXPENSES.  Costs and
106 expenses of administration as defined in the Code as
107 provided in Section 507(a)(1) of the Code, applications for
108 which are filed prior any applicable bar date, as the same
109 are allowed, approved and ordered paid by the Court.

110 Section 2.2  PRIORITY CLAIMS.  Claims entitled to
111 priority pursuant to Section 507(a) of the Code, as the same

are allowed, approved or ordered paid by the Court, excluding any claims that are separately classified.

Section 2.3  <u>Class 1</u>: The Allowed Secured Claims of Merrill Lynch Commercial Finance Corp. ("Merrill") against the Debtor.

Section 2.4  <u>Class 2</u>: The Allowed Secured Claims of the U.S. Small Business Administration ("SBA") secured by certain real property owned by a non-Debtor affilate.

Section 2.5  <u>Class 3</u>: The Allowed Claims of Columbus Drive, LLC and Superior Properties of Pasco, Inc. for any rent owed (the "Landlord Claims").

Section 2.6  <u>Class 4</u>: All Allowed Unsecured Claims, except as otherwise separately classified.

Section 2.7  <u>Class 5</u>: The Allowed Claims of the Florida Department of Revenue (the "Sales Tax Claims").

Section 2.8  <u>Class 6</u>: All Equity Interest Holders of the Debtor.

**ARTICLE III**
<u>Treatment of Administrative and Priority Claims</u>

Section 3.1  <u>(Administrative)</u>: These claimants shall be paid in full from cash on hand and the proceeds of sale of substantially all of the Debtor's assets (the "Sale") as and when their claims are allowed and ordered paid by the Court, except that payment may be modified by virtue of any agreement reached with the owners of such Allowed Claims. This payment shall only be to the extent that such claims are deemed Allowed Claims.

Section 3.2 (Priority): These claimants shall be paid in full from cash on hand and the proceeds of Sale.

**ARTICLE IV**
**Treatment of Classes Impaired under the Plan**

Section 4.1 Class 1 (Merrill): The Creditor in this Class, to the extent it holds an Allowed Secured Claim, shall receive the proceeds of its collateral, if any, from the proceeds of Sale.

Section 4.2 Class 2 (SBA/Tampa Property): The lien of this Creditor shall be retained with no distribution from the proceeds of the Sale.

Section 4.3 Class 3 (Columbus/Superior): There shall be no distribution on the Landlord Claims.

Section 4.4 Class 4 (Unsecured): The Creditors in this Class shall receive a pro rata share from the proceeds of the Sale after payment of Allowed Administrative Claims, Allowed Priority Claims, and the Allowed Secured Claims of Merrill, if any.

Section 4.5 Class 5 (Sales Tax): The Buyer at the Sale shall expressly assume the Sales Tax Claims and pay such claims in full over sixty (60) monthly payments with interest at four per cent (4%). Such payments shall commence on the later of (a) thirty days after the Effective Date; or (b) entry of a Final Order allowing such Claim.

Section 4.9 Class 6 (Equity): The interests of Equity Interest Holders shall be cancelled and extinguished.

## ARTICLE V
### Means for Execution of the Plan

Section 5.1  The Debtor shall fund payments or distributions under this Plan with cash on hand, the proceeds of the Sale, and payments from the Buyer, as appropriate.  Substantially all assets of the Debtor and the bankruptcy estate will be sold to the highest bidder (the "Buyer") at the confirmation hearing.  The Buyer may be an entity to be formed by insiders Steven and Rita Jensen, or such other party as approved by the Court at the confirmation hearing.  The Buyer will pay cash at closing (the "Closing") and expressly assume the Sales Tax Claim. The Closing shall occur within fifteen (15) days of Confirmation.  A revised liquidation analysis is attached hereto.

Section 5.2  The Debtor's current officers and directors shall continue to act for the Debtor unless changed in accordance with the Debtor's operating agreement or applicable law or separate order of this Court.

Section 5.3  No transfers in contemplation of or in connection with this Plan, including the issuance of any promissory notes or equity interests, shall be taxed under any law imposing a stamp tax or similar tax.

Section 5.4  At Confirmation, the Buyer shall be vested with all of the Debtors' assets and all property of the estate, whether disclosed in its schedules or not, free and clear of any and all liens, claims, demands, interests

or encumbrances, except as specifically set forth in this Plan.

Section 5.5  Upon request of any Creditor holding an Allowed Unsecured Claim, the Court may appoint an independent liquidating agent (the "Liquidating Agent") to object to proofs of claim, file appropriate adversary proceedings, and administer distributions to Unsecured Creditors. The fees and expenses of the Liquidating Agent shall be paid first from the proceeds of Sale available to Unsecured Creditors.

**ARTICLE VI**
**Retention of Jurisdiction**

Section 6.1  <u>Jurisdiction</u>. The Court shall retain jurisdiction over this case after Confirmation of the Plan for the following purposes:

Section 6.1.A  To hear and determine any dispute arising under this Plan or any Order of the Bankruptcy Court.

Section 6.1.B  To adjudicate all controversies and issues arising out of or relating to adversary proceedings or contested matters which remain open on the Court's docket as of Confirmation, or which are commenced by the Debtor or the Reorganized Debtor pursuant to the provisions of the Code, including any avoidance actions.

Section 6.1.C To recover all assets and properties of the Debtor or the estate, whether title is presently held in the name of the Debtor or a third party.

Section 6.1.D To make such orders as are necessary or appropriate to carry out the provisions of this Plan or any Order of the Bankruptcy Court.

Section 6.1.E To make such other orders or give such direction as may be appropriate under Section 1142 of the Code.

Section 6.1.F To adjudicate all claims objections or counterclaims filed by the Debtor or the Reorganized Debtor in this case.

Section 6.1.G To consider and order any amendments to this Plan post-confirmation as may be appropriate.

Section 6.1.H To hear and determine all fee applications or fee disputes including the fee applications of professionals hired during this case, and if subsequently approved by this Court, those professionals employed after the confirmation of this Plan.

Section 6.1.I To enforce all orders, judgments and decrees entered by the Court including any discharge or injunctive provisions in this Plan.

## ARTICLE VII
### Objection to Claims

Section 7.1 The Debtor or the Liquidating Agent, as applicable, shall review all proofs of Claim filed in the case, and all scheduled Claims, and file objections to such

Claims within sixty (60) days after the Effective Date. Notwithstanding any provision in a local rule, the Debtor or the Liquidating Agent, as applicable, shall be entitled to file any adversary proceedings through the expiration of the statute(s) of limitations in the Code.

Section 7.2  The failure to file a Claim by the Bar Date shall constitute an adjudication on the merits of the Debtor's lack of liability without need for further objection or Court order.

### ARTICLE VIII
### Miscellaneous Provisions

Section 8.1  The Debtor as the Plan Proponent may propose amendments or modifications of this Plan any time prior to the Confirmation with leave of the Court upon notice to appropriate parties.  After Confirmation of the Plan, the Debtor may, with approval of the Court, and so long as it does not materially or adversely affect the interests of the Creditors or Equity Interest Holders, amend the Plan to remedy any defect or omission or to reconsider any inconsistencies in the Plan or in the order of Confirmation in such manner as may be necessary to carry out the purposes and effect of the Plan.

Section 8.2  Unless specifically assumed by separate motion or at the confirmation hearing, all executory contracts and unexpired leases shall be deemed rejected on the Effective Date.  Any creditor with a rejection damage

claim triggered by confirmation of the Plan shall file such claim within thirty (30) days of the Effective Date.

Section 8.3    All claims and demands for attorney fees, costs, penalties, and late fees shall be disallowed unless expressly allowed by separate order of the Court entered before or at Confirmation.

Section 8.4    All compromises or settlements approved during the Case are hereby incorporated by reference.

Section 8.5    All statutory liens, including any judgment Liens, are hereby avoided pursuant to applicable law, including Section 545 of the Code.

**ARTICLE IX**
**Discharge and Injunctions**

Section 9.1    Except as otherwise specifically provided in the Plan or in the Confirmation Order, Confirmation of this Plan acts as a complete discharge and release of any and all debts, claims, demands or obligations of the Debtor as well as administrative claims or expenses under Section 503 of the Code, including, but not limited to, all principal, interest, fees, expenses, guarantees or contingent claims, whether accrued before or after the entry of the order for relief herein.  The discharge and release shall be affected as to each debt, claim or demand, regardless of whether a Proof of Claim was filed, whether the claim is an Allowed Claim or whether the holder thereof votes to accept or reject the Plan.  Further, any judgments

303 against the Debtor shall be deemed null and void and of no
304 further force or effect.  Any and all pre-petition actions
305 or proceedings involving a direct or indirect Claim against
306 the Debtor shall be dismissed with prejudice.  All Creditors
307 or parties-in-interest shall be required to execute any and
308 all documents necessary to effectuate the discharge and
309 release terms of this Plan.
310
311 DATED: June 2, 2010
312
313
314                                    s/ Michael C. Markham
315                                   MICHAEL C. MARKHAM
316                                   Johnson, Pope,
317                                   Bokor, Ruppel & Burns, LLP
318                                   P.O. Box 1368
319                                   Clearwater, FL   33757
320                                   (727) 461-1818
321                                   (727) 443-6548
322                                   Attorneys for Debtor
323
324   523949v2

# REVISED OPTIMA LIQUIDATION ANALYSIS*

| Asset | FMV | Liquidation Value | Liens | Available |
|---|---|---|---|---|
| Cash | $22,000 | $22,000 | none | $22,000 |
| Land | --- | --- | -- | -0- |
| A/R | $51,000 | $29,000 | none | $29,000 |
| FF&E | $1,715 | $1,234 | none | $1,234 |
| Inventory | $143,793 | $83,400 | none | $83,400 |
| Trucks | $28,050 | $25,245 | none | $25,245 |
| Equipment | $12,145 | $10,323 | none | $10,323 |

Total Available: $171,202

Less:
Chapter 7 Admin.  $ 8,000
Chapter 11 Admin. $ 35,000
Priority          $ 89,000

Available for Unsecureds: $39,202

1.7% Available to Unsecureds (assuming $2.3 million in total unsecured claims and no administrative rent for affiliated landlords)

*FMV is based on recent appraisal. Liquidation Values are Debtor's revised estimates. No amount is shown for administrative rent to affiliated landlords. Chapter 11 Admin. includes approximately $18,000 for accrued wages and related post-petition taxes. Priority is face amount of sales tax claim filed Florida Department of Revenue.

524139v2